UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.  Case No. 8:04-cr-563-T-23MAP
   8:06-cv-1915-T-23MAP

JUVENCIO SALINAS CRUZ
_____/

**O R D E R**

Cruz's motion to vacate pursuant to 28 U.S.C. § 2255 (Doc. 1) challenges the validity of his convictions for both conspiring to possess and possessing with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Cruz pleaded guilty without a plea agreement and he was sentenced to 135 months. The circuit court affirmed (Doc. 220) both the conviction and the sentence.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." Accord Wright v. United States, 624 F.2d 557, 558 (5th Cir. 1980)[1] (summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); Hart v. United States, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). Cruz's motion to vacate sentence is without merit.

The following facts are from the "Notice of . . . Factual Basis" (Doc. 47). Cruz admitted to these facts when he pleaded guilty.

> On November 13, 2004, the defendant along with five crew members, all foreign nationals, were spotted by a Maritime Patrol Aircraft (MPA) in a go-fast vessel that was dead in the water in international waters in the Western Caribbean Sea. The USS BOONE and the US Coast Guard Cutter (USCGC) GALLATIN were on patrol in the Caribbean Sea when notified of the go-fast vessel. A helicopter launched from the USCGC GALLATIN engaged the go-fast vessel. Upon detection of the helicopter, the go-fast vessel got underway at approximately 32 knots in an attempt to evade. While engaged in a pursuit, the go-fast crew members began to jettison bales of cocaine, while the USS Boone marked the debris field. After repeated attempts to hail the vessel that were unsuccessful, the USCG helicopter issued warning shots followed by disabling fire of the vessel's engines. Upon receiving four rounds of disabling fire, the go-fast type vessel was disabled.
>
> The go-fast vessel, which contained no indicia of nationality, was boarded by a USCG Law Enforcement Detachment (LEDET) from the USS BOONE. On board the go-fast vessel were five crewmen, claiming Colombian nationality and one crewman claiming Honduran nationality. No one claimed to be the master of the vessel, but the crew members claimed that the vessel was Colombian. The Government of Colombia could neither confirm nor deny Colombian registry of the vessel. Accordingly, the go-fast vessel was assimilated to be stateless, that is a vessel without nationality, and therefore, subject to the jurisdiction of the United States.
>
> A search of the debris field caused by the go-fast vessel resulted in the recovery of 58 bales of cocaine, or a total of approximately 3660 pounds.
>
> The defendant acknowledges his involvement and participation was part of an unlawful agreement with others to possess with intent to distribute five (5) or more kilograms of cocaine.

On direct appeal the circuit court rejected (Doc. 220) Cruz's arguments that he should have received a minor role reduction and that his sentence is unreasonable. Cruz's motion to vacate presents these same claims under the guise of ineffective assistance of counsel.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Cruz claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)). Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When

- 3 -

applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland v. Washington, 466 U.S. at 690.

Cruz must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Strickland v. Washington, 466 U.S. at 691-92. To meet this burden, Cruz must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Strickland v. Washington, 466 U.S. at 690-91. Cruz cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992). Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

Ground One

Cruz faults counsel for not obtaining a minor role downward adjustment.[2] He contends that counsel should have prepared better for sentencing by obtaining affidavits from co-defendants, submitting a sentencing memorandum, and objecting to the Presentence Report's (PSR) failure to recommend a minor role adjustment. Lastly, Cruz contends that counsel failed to object to the PSR's recommendation of an offense level 38.

Cruz's allegations are refuted by the record. Trial counsel objected to the PSR's failure to grant a minor role adjustment, an objection addressed in the addendum to the PSR. Trial counsel also objected at the sentencing and extensively argued for a minor

---

[2] The 3,360 pounds of high purity cocaine attributable to Cruz is alone sufficient to disqualify him from a "minor role" adjustment. United States v. De Varon, 175 F.3d 930, 943 (11th Cir. 1999); United States v. Valencia-Aguirre, 409 F. Supp.2d 1358, 1361 (M.D. Fla. 2006) (cases cited at n.1 and accompanying text).

- 5 -

role adjustment.  Transcript of Sentencing at 5-25 (Doc. 187).  Moreover, Cruz identifies no fact that would qualify him for minor role treatment.

No basis exists for objecting to the drug quantity.  Offense level 38 applies when the quantity of drug exceeds 150 kg of cocaine.  Cruz was responsible for the more than one and a half tons of cocaine jettisoned from his "go fast" vessel.  Cruz erroneously argues that his indictment charged him with a drug quantity of "more than five but less than fifteen kilograms of cocaine."  The indictment (Doc. 89) charged Cruz with "five kilograms or more" without a maximum quantity identified.  Cruz pleaded guilty to "five kilograms or more" without a maximum quantity identified.  The limitation of "less than fifteen kilograms" is not in this record.  Cruz cannot show that his counsel's performance was deficient based on the denial of a minor role adjustment.

Ground Two

Cruz alleges that "the court made [in]adequate factual findings as to the petitioner's minor role participation, that would have warranted downward departure."  Cruz's challenge to the loss of a minor role adjustment was rejected on direct appeal (Doc. 220).  An issue rejected on direct appeal is not subject to further review in a Section 2255 motion.  United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("The district court is not required to reconsider claims of error that were raised and disposed of on direct appeal.  '[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.' "), cert. denied, 531 U.S. 1131 (2001) (citation omitted).

Ground Three

Cruz alleges both that counsel failed to timely "follow up with appropriate plea agreement documents" after notifying the United States that Cruz intended to plead guilty and cooperate and that this failure caused Cruz to not receive a 5K1.1 departure. Whether Cruz was entitled to a 5K1.1 departure was thoroughly discussed during sentencing. Transcript of Sentencing at 25-43 (Doc. 187). A defendant cannot obtain a 5K1.1 departure without the request of the United States, and the United States retains full discretion whether to request the departure. The United States represented at sentencing that, in the prosecutor's opinion, Cruz was not entitled to a 5K1.1 departure because Cruz was not the first to debrief with "complete and honest statements." Transcript of Sentencing at 30-31 (Doc. 187). According to the United States, Cruz's failure to be the first to sign a plea agreement—the act that Cruz now argues was counsel's deficient performance—was not determinative. "It is not the policy of our office to require any defendant to sign a plea agreement in order to qualify for a 5K." Transcript of Sentencing at 35 (Doc. 187). Consequently, Cruz cannot show both deficient performance and prejudice.

Accordingly, the motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Cruz and close this action.

ORDERED in Tampa, Florida, on November 9, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

- 7 -